MATTER OF CESSNA 180 "N4502B"

In Fine Proceedings

ELP-10/2.46

*Decided by Board February 20, 1975*

The maximum penalty to be assessed upon the pilot for a violation of section 239 of the Immigration and Nationality Act is $500 for each arrival of the aircraft in the United States, not $500 for each passenger. Although the pilot intentionally disregarded the law by failing to notify the proper authorities upon landing, mitigation of the fine by $200 was appropriate where the plane had a faulty compass and faulty carburetor resulting in a rough and exhausting flight which did not arrive back in the United States until a very late hour.

BASIS FOR FINE: Act of 1952—Section 239 [8 U.S.C. 1229]

IN RE: Cessna 180 "N4502B", which arrived at El Paso, Texas, from foreign, on April 29, 1973. Persons involved: John B. Miller, pilot, Barbara Logan, Stephen Weeks and Aleta Nelson.

ON BEHALF OF APPELLANT: Pro Se

In a decision dated August 27, 1974, the district director imposed a fine of $2,000 upon the pilot for violation of section 239 of the Immigration and Nationality Act, and he denied the pilot's request for mitigation or remission of the fine. The pilot has appealed from that decision. The appeal will be sustained.

The pilot has conceded that he violated section 239 of the Act when he arrived at El Paso, Texas from Mexico on April 29, 1973, without notifying the proper authorities in advance and without presenting himself or his passengers for inspection. However, the district director imposed a fine of $2,000 for that violation, apparently on the theory that failure to present each passenger resulted in a separate violation. This was error.

We have held that section 239 contemplates a maximum penalty of only $500 *for each arrival of an aircraft in the United States. Matter of Howard Aircraft "N-813,"* 7 I. & N. Dec. 584 (BIA 1957); see *Matter of Aircraft No. "N-2476-U,"* 11 I. & N. Dec. 73 (BIA 1965). Consequently, the pilot is subject only to a fine of $500 stemming from his arrival in the United States on April 29, 1973.

The pilot has requested mitigation or remission of the fine. He is a United States citizen, and has stated that he was returning with three friends, also United States citizens, from a beach outing in Mexico when the violation occurred. He has alleged that his plane had a faulty compass and a faulty carburetor and that the flight to El Paso had therefore been rough and exhausting. He has also stated that he elected not to notify the proper authorities of the arrival "because it was very late and I didn't want to bother a customs agent to come out and see four beach-tired El Pasoans."

The District Director noted in his opinion that the pilot had failed to report for inspection on another occasion in 1963, but that he had only been issued a warning letter by the district director on that occasion. On appeal, the pilot has stated that his earlier violation was the result of bad weather conditions, and that he had voluntarily notified the Service of that violation immediately after it had occurred.

While we cannot condone the pilot's intentional disregard of the law, we believe that under the circumstances some mitigation is warranted. Consequently, we will allow mitigation in the amount of $200 and impose a fine of $300 upon the pilot.

ORDER: The appeal is sustained, and the fine permitted to stand is reduced to $300.